Judge David G. Estudillo

```
_____ FILED  _____ LODGED
          _____ RECEIVED
        MAY 06 2022
      CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                              DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHNATHAN JOHNSON,<br><br>Defendant. | NO. CR22-05132 DGE<br><br>**PLEA AGREEMENT** |

The United States, through United States Attorney Nicholas W. Brown and Assistant United States Attorney Angelica Williams of the Western District of Washington and Johnathan Johnson and his attorney Colin Fieman, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.  **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in an Information.

2.  **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Information.

    a.  *Possession of Controlled Substances with Intent to Distribute,*

Plea Agreement - 1
*United States v.* Johnathan Johnson, CR22-05132 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  as charged in Count 1, in violation of Title 21, United States Code, Section Sections
2  841(a)(1) and 841(b)(1)(C).

3      b. *Possession of Controlled Substances with Intent to Distribute*, as
4  charged in Count 2, in violation of Title 21, United States Code, Section Sections
5  841(a)(1) and 841(b)(1)(C).

6      c. *Possession of Firearms in Furtherance of a Drug Trafficking Crime*,
7  as charged in Count 3, in violation of Title 18, United States Code, Section 924(c).

8  By entering these pleas of guilty, Defendant hereby waives all objections to the
9  form of the charging document. Defendant further understands that before entering any
10 guilty plea, Defendant will be placed under oath. Any statement given by Defendant
11 under oath may be used by the United States in a prosecution for perjury or false
12 statement.

13     3. **Elements of the Offenses**. The elements of the offenses to which
14 Defendant is pleading guilty are as follows:

15     a. The elements of *Possession of Controlled Substances with Intent to*
16 *Distribute*, as charged in Count 1, are as follows:

17 *First*, the defendant knowingly possessed controlled substances, here
18 methamphetamine and heroin;

19 *Second*, the defendant possessed the methamphetamine and heroin with intent to
20 distribute it to another person.

21     b. The elements of *Possession of Controlled Substances with Intent to*
22 *Distribute*, as charged in Count 2, are as follows:

23 *First*, the defendant knowingly possessed controlled substances, here
24 methamphetamine, cocaine, and heroin;

25 *Second*, the defendant possessed the methamphetamine, cocaine, and heroin with
26 intent to distribute it to another person.

27     c. The elements of *Possession of Firearms in Furtherance of a Drug*
28 *Trafficking Crime*, as charged in Count 3, are as follows:

Plea Agreement - 2
*United States v.* Johnathan Johnson, CR22-05132 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

*First*, Defendant committed the crime of *Possession of Controlled Substances with Intent to Distribute* as charged in Count 2;

*Second*, Defendant knowingly possessed the following firearms:

- A Ruger, Model LC9S 9 mm pistol
- High Standard, Model Riot 18-7 K1200 12-gauge shotgun
- A Smith & Wesson, Model CS45 Chief's Special, .45 caliber pistol

*Third*, Defendant possessed the firearms in furtherance of the crime of *Possession of Controlled Substances with Intent to Distribute* as charged in Count 2.

4. **The Penalties.** Defendant understands that the statutory penalties applicable to the offense(s) to which Defendant is pleading guilty are as follows:

    a. For the offense of *Possession of Controlled Substances with Intent to Distribute*, as charged in Counts 1 and 2: A maximum term of imprisonment of up to 20 years, a fine of up to $1 million, a period of supervision following release from prison of not less than three years, and a mandatory special assessment of $100 dollars. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

    b. For the offense of *Possession of Firearms in Furtherance of a Drug Trafficking Crime* as charged in Count 3: A maximum term of imprisonment of life and a mandatory minimum term of imprisonment of five (5) years consecutive to any sentence imposed in Counts 1 and 2, a fine of up to two hundred and fifty thousand dollars ($250,000.00), a period of supervision following release from prison of up to five (5) years, and a mandatory special assessment of one hundred dollars ($100.00). If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally

Plea Agreement - 3
*United States v.* Johnathan Johnson, CR22-05132 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

5. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

6. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a.    The right to plead not guilty and to persist in a plea of not guilty;

Plea Agreement - 4
United States v. Johnathan Johnson, CR22-05132 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

      b.     The right to a speedy and public trial before a jury of Defendant's peers;

      c.     The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

      d.     The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

      e.     The right to confront and cross-examine witnesses against Defendant at trial;

      f.     The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

      g.     The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

      h.     The right to appeal a finding of guilt or any pretrial rulings.

7.    **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar

Plea Agreement - 5
*United States v.* Johnathan Johnson, CR22-05132 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9. **Statement of Facts.** The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offenses:

    a. The following events occurred in Thurston County within the Western District of Washington. All drug weights are approximate.

    b. Following a 2011 conviction for second degree assault and unlawful possession of a firearm, Johnson was released from prison and began serving an 18-month community custody term. In July 2020, the Department of Corrections (DOC) issued a warrant because Johnson violated his community custody conditions. On June 14, 2021, investigators arrived at Johnson's Lacey apartment complex to serve the warrant. Investigators located Johnson in a silver BMW and arrested him without incident. A loaded Anderson Manufacturing Model AM-15 .223 caliber rifle was in plain view on the BMW's backseat. Located in a later search of the BMW were a Ruger, Model P94, .40 caliber pistol, a box of .40 caliber ammunition, a high-capacity handgun

Plea Agreement - 6
*United States v.* Johnathan Johnson, CR22-05132 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  magazine, $2780 in currency, rubber-banded together, and LSD blotter papers. The
2  BMW was reported stolen.
3         c.     After obtaining a search warrant, investigators searched Johnson's
4  apartment. Investigators found 500.5 gross grams of methamphetamine and 82.5 grams of
5  heroin. Investigators also found miscellaneous ammunition, firearm magazines, digital
6  scales, packaging materials, and indicia of Johnson's occupancy. Johnson knew that the
7  methamphetamine and heroin found in his apartment belonged to him and that they were
8  both substances controlled under Title 21, Section 812. Johnson admits he intended to
9  distribute the methamphetamine and heroin found in his apartment to others. Johnson
10 admits that the $2780 in United States currency was drug proceeds.
11        d.     On two separate occasions in September 2021, Johnson sold
12 methamphetamine to a credible and confidential source (CS). Before each of the two
13 controlled purchases, investigators searched the CS' person and vehicle and did not
14 locate any controlled substances or contraband. Investigators fitted the CS with covert
15 audio equipment and provided the CS with purchase funds. During the first controlled
16 purchase, the CS entered Johnson's vehicle and was provided a white baggie containing a
17 white crystalline substance. During the second controlled purchase, the CS entered
18 Johnson's apartment to purchase methamphetamine. On each occasion, the CS was
19 followed by investigators back to a pre-determined location. At the location, the CS
20 provided investigators with a small baggie containing suspected methamphetamine, each
21 of which field tested positive for methamphetamine. After both controlled purchases,
22 investigators searched the CS' person and vehicle and located no other currency,
23 controlled substances, or contraband. On each occasion, Johnson sold the CS 31 grams of
24 methamphetamine, for a total of 62 gross grams.
25        e.     Following the two controlled purchases, investigators obtained a
26 search warrant in Thurston County Superior Court for Johnson's apartment, residence,
27 and arrest. On September 27, 2021, investigators located and arrested Johnson at his
28 Lacey apartment. At the time of his arrest, Johnson had a Chief's Special, Model CS45,

Plea Agreement - 7
*United States v.* Johnathan Johnson, CR22-05132 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

.45 caliber, semiautomatic pistol with a loaded magazine (serial number #VJD5384) inside a concealed shoulder holster on his person.

  f. During service of the residential search warrant, investigators located 110.2 grams of methamphetamine, 3.3 grams of cocaine, and 203. 9 grams of heroin. Behind Johnson's front door was a loaded High Standard, Model Riot 18-7 K1200, 12-gauge shotgun. Investigators also located body armor, scales, measuring cups, baggies, notes, ledgers, multiple cell phones and $3288 in United States currency. Inside Johnson's bedroom, investigators found a Ruger, Model LC9S 9 mm pistol.

  g. Johnson knew that the methamphetamine, cocaine, and heroin found in his apartment belonged to him and that they were all substances controlled under Title 21, Section 812. Johnson admits he intended to distribute the methamphetamine, cocaine, and heroin found in his apartment to others. Johnson admits that the $3288 in United States currency was drug proceeds.

  h. Post-Miranda, Johnson told investigators he is aware that he may not lawfully own, use, or possess a firearm due to his felony convictions in the state of Washington. He also admitted he was armed with a loaded pistol in a shoulder holster at the time of his arrest and that both the loaded 12-gauge shotgun behind his door and body armor belonged to him. Johnson said he had these items for his protection because he owes approximately $132,000 to a drug cartel for drugs he obtained from them to distribute. Johnson admitted to being armed during his dealings with cartel members.

  i. Johnson knowingly possessed the Chief's Special, Model CS45, .45 caliber, semiautomatic pistol with a loaded magazine, the Ruger, Model LC9S 9 mm pistol, and the loaded High Standard, Model Riot 18-7 K1200, 12-gauge shotgun in furtherance of the drug trafficking crime of Possession of Controlled Substances with Intent to Distribute. Johnson possessed the firearms to protect himself, the controlled substances he possessed, and the proceeds obtained from his distribution of controlled substances. These firearms facilitated his commission of Count 2 and were involved in his commission of Count 3.

Plea Agreement - 8
*United States v.* Johnathan Johnson, CR22-05132 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

   a. A base offense level of 30 under USSG § 2D1.1(c)(5), based on the offense involving at least 1,000 KG but less than 3,000 KG converted drug weight.

   b. A two-level enhancement for possession of a dangerous weapon under USSG § 2D1.1(b)(1).

   c. A two-level enhancement for maintaining a premises for the purpose of distributing a controlled substance under USSG § 2D1.1(b)(12).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. **Sentencing Recommendation.** The parties agree that the government will not seek a sentence of imprisonment any greater than 120 months (10 years), while the

Plea Agreement - 9
*United States v.* Johnathan Johnson, CR22-05132 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

defense may recommend not lower than 60 months (5 years). Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

13. **Forfeiture of Assets**. Defendant understands the forfeiture of property is part of the sentence that must be imposed in this case.

Defendant agrees to forfeit to the United States immediately all of his right, title, and interest in any and all property that constitutes or is traceable to proceeds of his commission of *Possession of Controlled Substances with Intent to Distribute*, the offense set forth in Counts 1 and 2 of the Information, as well as all property that facilitated the offense. This property is subject to forfeiture pursuant to Title 21, United States Code, Section 853(a), and includes but is not limited to:

    a.    A Ruger, Model LC9S 9 mm pistol

    b.    High Standard, Model Riot 18-7 K1200 12-gauge shotgun

    c.    A Smith & Wesson, Model CS45 Chief's Special, .45 caliber pistol

Defendant agrees to forfeit to the United States immediately all of his right, title, and interest in any firearms, and any associated ammunition, involved in his commission of *Possession of Firearms in Furtherance of a Drug Trafficking Crime*, the offense set forth in Count 3 of the Information. All such property is forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), and includes but is not limited to:

    a.    A Ruger, Model LC9S 9 mm pistol

    b.    High Standard, Model Riot 18-7 K1200 12-gauge shotgun

    c.    A Smith & Wesson, Model CS45 Chief's Special, .45 caliber pistol

Plea Agreement - 10
*United States v.* Johnathan Johnson, CR22-05132 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any such property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated. Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if that property constitutes or is traceable to proceeds of his commission of Possession of Controlled Substances with Intent to Distribute, or facilitated his commission of the offense, as well as any firearms and associated ammunition involved in his commission of Possession of Firearms in Furtherance of a Drug Trafficking Crime.

14. **Abandonment of Firearms and Contraband**. Defendant also agrees that, if any federal law enforcement agency seized any firearms, firearm accessories, ammunition, or illegal contraband that was in Defendant's direct or indirect control, including the Ruger Model P94, .40 caliber pistol, high-capacity magazine, and Anderson Manufacturing, Model AM-15, .223 caliber rifle seized on June 14, 2021, and all associated ammunition. Defendant consents to the federal administrative disposition, official use, and/or destruction of that property.

15. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the

Plea Agreement - 11
*United States v.* Johnathan Johnson, CR22-05132 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

16. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable

Plea Agreement - 12
*United States v.* Johnathan Johnson, CR22-05132 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

Plea Agreement - 13
*United States v.* Johnathan Johnson, CR22-05132 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

18. **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19. **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//

//

//

Plea Agreement- 14
*United States v.* Johnathan Johnson, CR 22-05132 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

20. **Completeness of Plea Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor not referenced herein. The Thurston County Prosecuting Attorney's Office agreed to federal prosecution related to incident investigations #21—068 and #21-096 in lieu of filing state charges.

Dated this 6th day of May, 2022.

_____
JOHNATHAN JOHNSON
Defendant

_____
COLIN FIEMAN
Attorney for Defendant

_____
TODD GREENBERG
Assistant United States Attorney

_____
CECELIA GREGSON
Assistant United States Attorney

Plea Agreement- 15
*United States v.* Johnathan Johnson, CR22-05132 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800